IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY HESS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-97-CV-0960-H |
| GARY JOHNSON, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

**PROCEDURAL BACKGROUND**

This is a habeas case brought under 28 U.S.C. § 2254. Petitioner Jeffrey Hess is an inmate in the Texas prison system. Respondent Gary Johnson is the Director of the Texas Department of Criminal Justice, Institutional Division.

Petitioner pled guilty to aggravated sexual assault. Punishment was assessed at fifteen years confinement. Petitioner did not appeal. Instead, he filed an application for writ of habeas corpus in state court. The Texas Court of Criminal Appeals denied the application without written order. *Ex parte Hess*, No. 31,759-01 (Tex. Crim. App., October 9, 1996). Petitioner then filed this action in federal court.

## ISSUES PRESENTED

Petitioner attacks his guilty plea and resulting conviction in two grounds for relief. He contends that: (1) the judicial confession omits an essential element of aggravated sexual assault; and (2) he received ineffective assistance of counsel.

The Court *sua sponte* notes that this case was filed more than one year after petitioner's conviction became final and more than one year after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. The Court must therefore determine whether the action is barred by limitations. Respondent has filed a preliminary response and a copy of the state court record. This matter is now ripe for determination.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled

---

[1] The statute provides that the limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

while a properly filed motion for post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1977). However, most courts have allowed prisoners a one-year grace period in which to file their claims. *See, e.g. Calderon v. United States District Court*, 112 F.3d 386, 389-90 (9th Cir. 1997); *United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997); *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir. 1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 117 S.Ct. 2059 (1997). *But cf. Clarke v. United States*, 955 F.Supp. 593, 597 (E.D. Va. 1997) (petition filed after effective date of AEDPA is time barred); *Curtis v. Class*, 939 F.Supp. 703, 705-08 (D.S.D. 1996) (same); *Harold v. United States*, 932 F.Supp. 705 (D. Md. 1996) (same); *United States v. Bazemore*, 929 F.Supp. 1567, 1569 (S.D. Ga. 1996) (same).

## DISCUSSION

Petitioner was sentenced to fifteen years in prison for aggravated sexual assault. A judgment was entered on July 21, 1994. Petitioner did not appeal. Therefore, the judgment became final thirty days thereafter when the time for filing an appeal expired. *See* TEX. R. APP. P. 41(b). Petitioner also filed a motion for post-conviction relief in state court. The motion was filed on May 9, 1996 and denied on October 9, 1996. Petitioner filed this action in federal court on April 24, 1997.

It is readily apparent that petitioner's claims are barred by limitations under the AEDPA. The limitations period started to run on August 20, 1994 when his conviction became final. This period was tolled while his habeas petition was pending in state court.

However, these claims still accrued well over a year before suit was filed in federal court. Petitioner's application is time barred and should be summarily dismissed under 28 U.S.C. § 2244(d)(1).

### RECOMMENDATION

It plainly appears from the face of the pleadings that petitioner is not entitled to habeas relief. The application for writ of habeas corpus should be summarily dismissed. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

DATED: September 5, 1997.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

000047