

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY HESS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-97-CV-0960-H |
| GARY JOHNSON, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeffrey Hess has filed a motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion has been referred to United States Magistrate Judge Jeff Kaplan for recommendation pursuant to 28 U.S.C. § 636(b).

I.

Petitioner pled guilty to aggravated sexual assault and was sentenced to 15 years confinement. No appeal was taken. Instead, petitioner filed an application for writ of habeas corpus in state court. The Texas Court of Criminal Appeals denied the application without written order. *Ex parte Hess*, No. 31,759-01 (Tex. Crim. App. October 9, 1996). Petitioner also challenged his conviction in federal court. He argued that: (1) his judicial confession omitted an essential element of the offense; and (2) he received ineffective assistance of counsel. The district court summarily dismissed the petition on limitations grounds. *Hess v. Johnson*, No. 3-97-CV-0960-H (N.D. Tex. October 1, 1997). Petitioner did not appeal this decision.



Now, petitioner seeks relief from the final judgment entered in this case. He contends that the Fifth Circuit has effectively "reversed the District Court's holding that the Post-AEDPA limitation period expired on April 23, rather than April 24, 1997." (Motion at 2).

II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). Reversal or other vacation of a prior judgment on which the final judgment is based can be grounds for a Rule 60(b) motion. FED. R. CIV. P. 60(b)(5); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). A decision is based on a prior judgment only if the prior judgment is a necessary element of the decision. *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990). A district court may also grant relief from a final judgment "if extraordinary circumstances are present." *Picco*, 900 F.2d at 851.

III.

Petitioner filed his application for writ of habeas corpus on April 24, 1997. This Court ruled that the habeas petition was untimely because it was filed more than a year after petitioner's conviction became final. However, the Court did not toll the limitations period for one full year after the effective date of the AEDPA. Several months later, the Fifth Circuit decided *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998). *Flanagan* held that a federal habeas petition filed *on or before* April 24, 1997 was timely under 28 U.S.C. § 2244(d)(1). Petitioner now wants the Court to set aside its prior judgment based on the decision in *Flanagan*.

Obviously, this Court could not have based its ruling on *Flanagan* since the case had not yet been decided. Therefore, relief under Rule 60(b)(5) is not proper. Moreover, a change in decisional law after the entry of judgment does not generally constitute "extraordinary circumstances" sufficient to merit relief under Rule 60(b)(6). *Batts v. Tow-Motor Forklift Co.*, 66

F.3d 743, 748 (5th Cir. 1995). However, the Fifth Circuit has suggested that the rule may be different in habeas cases. *Batts*, 66 F.3d at 748 n.6. *Flanagan* was the first case in this circuit to recognize that prisoners are entitled to a full year after the effective date of the AEDPA to seek habeas relief in federal court. The Court now recognizes that it was improper to dismiss this case on limitations grounds. Under these circumstances, petitioner is entitled to relief from the judgment.

## **RECOMMENDATION**

Petitioner's motion for relief from final judgment should be granted. This case should be re-opened and referred to the magistrate judge for further proceedings.

DATED: November 15, 1999.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY HESS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-97-CV-0960-H |
| GARY JOHNSON, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division | § | |
| | § | |
| Respondent. | § | |

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

On this date the United States magistrate judge made written findings and a recommended disposition of petitioner's motion for relief from final judgment in the above-styled and numbered cause. The United States district clerk shall serve a copy of these findings and recommendations on all parties by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The district court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from obtaining a *de novo* determination by the district court. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal



conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 1999.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE