Revised January 25, 2002

U.S. COURT OF APPEALS
FILED
JAN 2 4 2002
CHARLES R. FULBRUGE III
CLERK

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 3 2002
CLERK, U.S. DISTRICT COURT
                    Deputy

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-11037
3:97CV960-H

JEFFREY HESS,

    Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

    Respondent-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before POLITZ, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

    Janie Cockrell, the Director of the Texas Department of Criminal Justice, Institutional Division, appeals the district court's grant of Jeffrey Hess' petition for a writ of habeas corpus. The district court had previously dismissed Hess' petition as time-barred, but granted relief from that judgment after Hess filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure. We are persuaded that Hess failed to demonstrate the requisite "extraordinary circumstances" to justify relief under

Rule 60(b)(6), and we must vacate the able district court's grant of the writ.

I

Jeffrey Hess was convicted of aggravated sexual assault of a child, his three-year-old daughter, in July 1994, after a guilty plea. He was sentenced to 15 years in prison. Hess filed his first petition for postconviction relief in state court in May 1996. It was denied as procedurally barred. The Texas Court of Criminal Appeals denied Hess' appeal without written order.

Hess then filed a 28 U.S.C. § 2254 petition in district court on *April 24, 1997*. The district court read our decision in *United States v. Flores*[1] to require that the petition be dismissed as time-barred. The district court did not have the benefit of our later opinion in *Flanagan v. Johnson*,[2] which held that petitions filed on April 24, 1997 *are* timely under *Flores*.[3]

In November 1999 (over two years after the dismissal of his first petition and over one year after this court's decision in *Flanagan*), after a second unsuccessful attempt at relief in state court, Hess filed a motion for relief from judgment under Federal

---

[1] 135 F.3d 1000 (5th Cir. 1998) (holding that prisoners had one year from the effective date of AEDPA (April 24, 1996) to file their habeas petitions before they could be considered time-barred by the operation of § 2244(d)(1)).

[2] 154 F.3d 196 (5th Cir. 1998).

[3] *Id.* at 202.

Rule of Civil Procedure 60(b)(5), alleging he was entitled to relief because his first habeas petition had been timely. The district court adopted the recommendations of the magistrate that: (1) while relief was unavailable under 60(b)(5), it should be granted under Rule 60(b)(6) because Hess had shown the "extraordinary circumstances" required for such relief and (2) a writ of habeas corpus be granted on Hess' ineffective assistance claim.

## II

Appellant first argues that the district court was without jurisdiction to entertain Hess' motion because it was, in fact, a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.[4] We have stated that Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding "should be construed as successive habeas petitions."[5] Here, the parties dispute whether or not this circuit has completely closed the door on Rule 60(b) motions in habeas cases—in other words whether *all* such Rule 60(b) motions *must* be construed as successive petitions.[6]

---

[4] *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

[5] *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

[6] *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (stating that "courts *may* treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds as § 2255 motions." (emphasis added)).

3

While nothing on their face suggests that Rule 60(b) motions are to be seen as anything other than successive petitions, we need not decide here whether there are no circumstances under which they would not be because relief under Rule 60(b) is, in any event, unavailable to Hess.

### III

#### A

We review the district court's grant of relief under Rule 60(b) for abuse of discretion.[7]

Appellant argues that the district court abused its discretion by awarding relief based upon Rule 60(b)(6) when Hess' motion was in fact based upon Rule 60(b)(5).[8] We stated in *Bailey v. Ryan Stevedoring Co.*[9] that "the catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60."[10] However, what was meant in *Bailey* was

---

[7] *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001).

[8] Rule 60(b) provides 6 alternative grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b). Hess does not quarrel with the district court's conclusion that he does not qualify for relief under Rule 60(b)(5).

[9] 894 F.2d 157 (5th Cir. 1990).

[10] *Id.* at 160.

0277

that the first five clauses of Rule 60(b) and the sixth are mutually exclusive, not that simply moving under Rule 60(b)(5) prevented the award of relief under Rule 60(b)(6) if the court ruled that relief was unavailable under (b)(5).[11] This is confirmed by *Bailey*'s citation to *Transit Casualty Co. v. Security Trust Co.*,[12] where this court stated that "Rule 60(b)(1) and Rule 60(b)(6) are not pari passu and are mutually exclusive .... The reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6)."[13] It is further evidenced by the treatment of *Bailey* in the district courts.[14]

Thus, it was not an abuse of discretion to construe petitioner's Rule 60(b)(5) motion as a Rule 60(b)(6) motion.

B

Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."[15] It is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other

---

[11] "[R]elief cannot be had under clause (6) if it would have been available under the earlier clauses." Wright and Miller, Federal Practice and Procedure, § 2264 at 362 (citing other cases).

[12] 441 F.2d 788 (5th Cir. 1971).

[13] *Id.* at 792.

[14] *See, e.g., In re Celano*, No. CIV-A-99-1061, 2000 WL 193068 at *3 (E.D. La. Feb. 15, 2000) (construing Rule 60(b)(5) motion as Rule 60(b)(6) motion after determining, under *Bailey*, that relief was unavailable under Rule 60(b)(5)).

[15] Fed. R. Civ. P. 60(b)(6).

5

enumerated provisions.[16] Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present."[17]

Under our precedents, changes in decisional law, such as our opinion in *Flanagan*, do not constitute the "extraordinary circumstances" required for granting Rule 60(b)(6) relief.[18] Hess responds to this with two arguments. First he contends that *Flanagan* was not a change in decisional law, but a straightforward application of circuit precedent, and therefore his circumstances qualify as "extraordinary." Second he points to dicta in our decision in *Batts v. Tow-Motor Forklift Co.*[19] rejecting the proposition that "a change in decisional law can *never* be an extraordinary circumstance," in part because "[c]ourts may find a special circumstance warranting relief where a change in the law affects a petition for habeas corpus, where notions of finality have no place."[20]

Hess' first argument runs afoul of the unfortunate (for him) fact that Rule 60(b)(6) motions are not substitutes for timely appeals. "[A] Rule 60(b) appeal may not be used as a substitute for the ordinary process of appeal ... particularly [] where, as

---

[16] *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

[17] *Id.* (quoting *Bailey*, 894 F.2d at 160).

[18] *Id.* at 747-48; *Picco v. Global Marine Drilling*, 900 F.2d 846, 851 (5th Cir. 1990); *Bailey*, 894 F.2d at 160.

[19] 66 F.3d 743 (5th Cir. 1995).

[20] *Id.* at 748 n.6.

here, a mistake of law is alleged to be the primary ground of the appeal."[21] Hess has offered no explanation for his failure to appeal. Thus, either way *Flanagan* is characterized—as a change of decisional law or as an application of existing circuit precedent—Hess must lose, because if *Flanagan* is a change of decisional law he has not demonstrated extraordinary circumstances and if *Flanagan* is not a change in decisional law he has offered no excuse for his failure to appeal the initial denial of habeas relief.

Hess' second argument also fails. The dicta in *Batts* suggesting that the rule for changes in decisional law might be different in the habeas corpus context because finality is not a concern is now flatly contradicted by, among other things, AEDPA.[22]

We therefore conclude that the district court abused its discretion in granting relief under Rule 60(b)(6) because Hess did not demonstrate the requisite "extraordinary circumstances."[23]

IV

---

[21] *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984). *See also* Wright and Miller, Federal Practice and Procedure, § 2264 at 360-61.

[22] *See, e.g.*, 28 U.S.C. § 2244(b). This subsection is appropriately titled "Finality of determination."

[23] We need not reach the question of whether, since the Rule 60(b) motion was filed more than one year after *Flanagan* and more than two after the petition was first dismissed, it was not within a "reasonable time," as required by the rule. Fed. R. Civ. P. 60(b).

Hess also argues that the district court could have granted relief under the independent action doctrine. The independent action doctrine gets its name from the portion of Rule 60(b) which states that the rule "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding." "This is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted."[24] While Hess did not raise this alternative argument below, we may consider it as long as the adverse party is not prejudiced.[25]

No relief is available under the independent action doctrine. The elements of an independent action are

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.[26]

Hess cannot satisfy these requirements—especially (3) and (4). There was no fraud alleged in this case, and this court has only awarded relief "on the ground of mistake ... where mutual mistake is shown and where the party seeking relief is without fault or

---

[24] Wright and Miller, Federal Practice and Procedure, § 2868 at 396.

[25] *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 601 (5th Cir. 1980).

[26] *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970).

negligence in the premises."[27] Hess was also negligent in failing to pursue his remedies on direct appeal.

V

For the foregoing reasons, the district court's grant of the writ of habeas corpus is VACATED. Hess' motions to dismiss his counsel, appoint substitute counsel, appear pro se, and for an out-of-time appeal are all DENIED; and Appellant's motion to supplement the record is DENIED AS MOOT.

---

[27] *West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.*, 213 F.2d 702, 706 (5th Cir. 1954).