IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY HESS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-97-CV-0960-H |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In a letter to the court received on December 5, 2005, Jeffrey Hess, an inmate in the TDCJ-ID, complains that he has been incarcerated for a crime he did not commit. The letter should be construed as a motion for leave to file a successive section 2254 motion, which should be denied pending review by a three-judge panel of the court of appeals.

I.

Hess was convicted of aggravated sexual assault of a child and sentenced to 15 years confinement. No appeal was taken. Instead, Hess filed an application for state post-conviction relief. The Texas Court of Criminal Appeals denied the application without written order. *Ex parte Hess*, No. 31,759-01 (Tex. Crim. App. Oct. 9, 1996). Hess then filed an application for writ of habeas corpus in federal district court. By order dated October 1, 1997, this court dismissed the case on limitations grounds. *Hess v. Johnson,* No. 3-97-CV-0960-H (N.D. Tex. Oct. 1, 1997). Hess did not appeal that decision.

More than two years later, Hess filed a motion under Fed. R. Civ. P. 60(b) seeking relief from the final judgment dismissing his federal writ. In support of his motion, Hess argued that the court should have tolled the limitations period for one full year after the effective date of the AEDPA as required by *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998). Although *Flanagan* was decided 11 months after Hess's case was dismissed, the court determined that this change in decisional law constituted an "extraordinary circumstance" warranting Rule 60(b) relief. *Hess v. Johnson*, No. 3-97-CV-0960-H, 1999 WL 33737149 (N.D. Tex. Dec. 7, 1999). The judgment was set aside and Hess was allowed to litigate his claims on the merits. Following an evidentiary hearing, the court granted habeas relief based on ineffective assistance of counsel. *Hess v. Johnson*, No. 3-97-CV-0960-H, 2000 WL 34226883 (N.D. Tex. Aug. 15, 2000).[1] Respondent appealed that decision as well as the order setting aside the original judgment of dismissal. The Fifth Circuit reversed and vacated the writ. In its opinion, the appellate court noted that changes in decisional law, such as those effected by *Flanagan*, do not constitute "extraordinary circumstances" for granting a Rule 60(b) motion. Moreover, Hess could have, but failed to, appeal the dismissal of his federal writ on limitations grounds. As a result, there was no basis for setting aside the original judgment dismissing this case. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Frustrated by the Fifth Circuit ruling, Hess filed another Rule 60(b) motion and a motion to reconsider. Both motions were denied. *Hess v. Cockrell*, No. 3-97-CV-0960-H, 2002 WL 1822945 (N.D. Tex. Aug. 6, 2002), *COA denied*, No. 02-10939 (5th Cir. Jan. 28, 2003), *cert. denied*, 124 S.Ct. 213 (2003); Order, 2/16/05. Undeterred, Hess once again complains that he is wrongfully imprisoned for a crime he did not commit.

---

[1] The court determined that counsel was ineffective for advising Hess to plead guilty to aggravated sexual assault of a child, an offense not alleged in the indictment and not supported by his judicial confession.

II.

Hess's letter plainly implicates the validity of his conviction and sentence. As such, it must be construed as a motion for leave to file a successive application for writ of habeas corpus. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before a petitioner files his application in district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider a successive application for habeas relief. Unless and until he obtains prior approval from the court of appeals, Hess cannot file another federal writ.

### **RECOMMENDATION**

Hess's motion for leave to file a successive application for writ of habeas corpus should be denied pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 5, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE